## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge William J. Martínez

Civil Action No. 1:15-cv-02026-WJM

WILDEARTH GUARDIANS,

    Plaintiff,

v.

SALLY JEWELL, in her official capacity as U.S. Secretary of the Interior,
U.S. OFFICE OF SURFACE MINING AND RECLAMATION,
U.S. DEPARTMENT OF THE INTERIOR,

    Defendants.

## ORDER GRANTING MOTION TO STAY

This action is brought by Plaintiff WildEarth Guardians ("Plaintiff") seeking judicial review of agency actions taken by Defendants U.S. Department of the Interior, U.S. Office of Surface Mining and Reclamation, and Sally Jewell in her capacity as the U.S. Secretary of the Interior (collectively, "Defendants"). (ECF No. 1.)  Plaintiff challenges Defendants' approval of mining plans authorizing federal coal development in Colorado, New Mexico, and Wyoming, under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4231 *et seq.*  (*Id.*)  After this action was filed, the Court received Motions to Intervene from the State of Wyoming (ECF No. 11) and from the entities operating each of the mines whose approval Plaintiff challenges, namely Antelope Coal LLC, New Mexico Coal Resources, LLC, Bowie Resources, LLC, and Thunder Basin Coal Co., LLC (collectively, "Prospective Intervenors") (ECF Nos. 14, 16, 24, 30). Defendants also filed a Motion to Sever and Transfer, in which they seek to sever

Plaintiff's claims related to mines in Wyoming and New Mexico from the claim related to the Colorado mine, and to transfer the Wyoming and New Mexico claims to the district courts in those respective states.  (ECF No. 26.)

This matter is now before the Court on the parties' Joint Motion for Stay of All Proceedings ("Joint Motion"), filed on January 29, 2016.  (ECF No. 49.)  In the Joint Motion, Plaintiff and Defendants state that they have agreed to commence settlement negotiations that may resolve some or all of the contested issues in this case, and request a stay of all issues until April 1, 2016, unless a prior joint motion requesting a further stay is filed.  (*Id.*)  The Joint Motion also requests an extension of time for Defendants to file their reply in support of the Motion to Sever and Transfer until ten days after the stay is lifted.  (*Id.* at 3.)  Finally, the Joint Motion states that the parties agree to include Prospective Intervenors in their settlement discussions, and notes that Prospective Intervenor Wyoming does not oppose the stay.  (*Id.* at 1 n.1.)

The remaining four Prospective Intervenors filed a Response to the Joint Motion on February 1, 2016, arguing that the Court should first grant the Motions to Intervene and the Motion to Sever and Transfer before any stay is imposed.  (ECF No. 50.)  The Response argues that granting the Motions to Intervene will permit Prospective Intervenors to participate fully in the case, and that the Motion to Sever and Transfer should be granted before any stay in order for this Court to avoid deciding issues involving the Wyoming and New Mexico mines.  (*Id.* at 2–3.)

Both Plaintiff and Defendants replied to the Prospective Intervenors' Response.  (ECF Nos. 51, 52.)  In their Replies, the parties reiterate their agreement that Prospective Intervenors be included in the planned settlement negotiations, and further

agree that the pending Motions for Intervention may be excluded from any stay. (*See* ECF No. 51.) The parties further argue that the Motion to Sever and Transfer should be stayed, not only because granting it could derail settlement negotiations, but also because Defendants—not Prospective Intervenors—filed the Motion to Sever and Transfer, and therefore should be permitted to request that their own motion be stayed. (*Id.* at 2; ECF No. 52 at 2.) Plaintiff's Reply also urges the Court to reject Prospective Intervenors' argument regarding the Motion to Sever and Transfer, because their preference that the Wyoming and New Mexico claims be litigated in those districts does not support their argument that those claims may not be settled in an omnibus agreement that may be approved by this Court. (ECF No. 52 at 2.)

The Court agrees with Plaintiff and Defendants, and will therefore grant the Joint Motion. Given the parties' agreement to include Prospective Intervenors in their settlement discussions and to exclude the Motions to Intervene from any stay, the Court finds no prejudice to Prospective Intervenors in temporarily staying this matter for the purposes of settlement negotiations. As to the Motion to Sever and Transfer, Prospective Intervenors fail to present any argument that it would be inappropriate or prejudicial for this Court to preside over a future motion to approve a settlement, if an agreement is reached. As Plaintiff notes in its Reply, no party has raised any argument that this Court lacks jurisdiction over all claims brought in this action. (*See* ECF No. 52 at 2.) Finally, a stay for purposes of settlement negotiations would preserve judicial economy, and would comport with this district's local rules in support of alternative dispute resolution. *See* D.C.COLO.LCivR 16.6(a).

Accordingly, the Court hereby ORDERS as follows:

1. The Joint Motion for Stay of All Proceedings (ECF No. 49) is GRANTED;

2. This matter shall be STAYED until April 1, 2016, at which time the stay will automatically lift;

3. Should the parties seek a further extension of the stay, a joint motion showing good cause for such extension must be filed on or before March 31, 2016;

4. The pending Motions to Intervene (ECF Nos. 11, 13, 16, 24, 30) shall be excluded from the stay, and the Court will expedite its ruling on those motions; and

5. In the event that the parties fail to reach a resolution of all claims in this case, Defendants' Reply in support of their Motion to Sever and Transfer (ECF No. 26) shall be filed no later than ten days after the stay is lifted.

Dated this 16th day of February, 2016.

BY THE COURT:

_____
William J. Martinez
United States District Judge